UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| **BRIAN ROBERT BLAZER d/b/a CARPENTER BEE SOLUTIONS,**<br><br>　　　Plaintiff,<br><br>v.<br><br>**LOWE'S COMPANIES, INC.,**<br><br>　　　Defendant. | Civil Action No. 6:20-cv-276<br><br>**JURY TRIAL DEMANDED** |

## ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Brian Robert Blazer d/b/a Carpenter Bee Solutions ("Blazer" or "Plaintiff") by and through its undersigned counsel, files this Original Complaint against Lowe's Companies, Inc. ("Defendant"), as follows:

## PARTIES

1. Plaintiff is a sole proprietorship owned and operated by Brian Robert Blazer with a principal place of business located in Cleburne County at 230 County Road 880, Heflin, Alabama 36264.

2. Upon information and belief, Defendant Lowe's Companies, Inc. is a corporation organized under the laws of the State of North Carolina with a principal place of business at 1000 Lowe's Blvd., Mooresville, NC 28817.  Upon information and belief, Defendant Lowe's Companies, Inc. may be served through its registered agent, Corporation Service Company dba CSC – Lawyers Incorporating Service Company, 211 E. 7th Street, Suite 620, Austin, TX 78701-3218.

**JURISDICTION AND VENUE**

3. This Court has subject matter jurisdiction over this case for patent infringement under 28 U.S.C. §§ 1331 and 1338(a) because this action arises under the Patent Laws of the United States, 35 U.S.C. § 1 et seq., including 35 U.S.C. §§ 271, 281, 283, 284, and 285.

4. This Court has personal jurisdiction over Defendant because: (i) Defendant maintains regular and established places of business within the State of Texas and within this judicial district and division; (ii) Defendant is registered and authorized to transact business in Texas; (iii) Defendant purposely, regularly, and continuously conducts business in the State of Texas and within this judicial district and division; and (iv) the causes of action set forth herein arise out of or relate to Defendant's activities in the State of Texas.

5. Venue is proper in the Western District of Texas pursuant to 28 U.S.C. § 1400(b). Upon information and belief, Defendant has committed acts of infringement within this judicial district and has regular and established places of business within this judicial district, including, without limitation, through its Lowe's Home Improvement Stores and Lowe's Pro Services locations. Upon information and belief, Lowe's Home Improvement Stores and Lowe's Pro Services are located within the Western District of Texas at 201 North New Rd, Waco, TX; 605 SW H.K. Dodgen Loop, Temple TX; 2801 South W.S. Young Drive, Killeen, TX; 120 Sundance Pkwy, Round Rock, TX; 201 Ed Schmidt Blvd, Hutto, TX; 13000 N I-35 SVC Rd SB, Building 12, Austin, TX; 13201 N. Ranch Rd 620, Building G, Austin, TX; and 8000 Shoal Creek Blvd, Austin TX. Upon information and belief, Defendant also offers employment to and employs hundreds of residents of the State of Texas within this judicial district at its Lowe's Home

Improvement Stores and through Lowe's Pro Services.[1]

## RELEVANT FACTS

6. On June 6, 2017, the USPTO issued United States Reissue Patent No. RE46,421 (the "'421 Patent"), which is a reissue of United States Patent No. 8,375,624 (the "'624 Patent"), which issued on February 19, 2013. A true and correct copy of the '421 Patent is attached hereto as Exhibit A and a true and correct copy of the '624 Patent is attached hereto as Exhibit B.

7. Plaintiff is the owner, by assignment, of all right, title and interest in and to the '421 Patent and the '624 Patent. The '624 Patent was valid and enforceable up to June 6, 2017, at which time the '624 Patent was surrendered when the '421 Patent issued. The '421 Patent is valid and enforceable. Plaintiff has the right to bring suit for past, present and future patent infringement, and to collect past, present, and future damages.

8. Plaintiff has been selling carpenter bee traps (hereinafter "carpenter bee trap(s)" or "bee trap(s)") covered by the '624 Patent and '421 Patent since at least 2009. Plaintiff's sales have been through Plaintiff's website at the time (www.carpenterbeesolutions.com) and through licensees of the '624 and '421 Patents.

9. Davis Product Creation and Consulting, LLC, d/b/a Bees N Things (hereinafter "Bees N Things") have been manufacturing and selling bee traps that infringed the '621 Patent and that continue to infringe the '421 Patent since at least March 2013.

10.     Plaintiff has a pending claim for patent infringement against Bees N Things in the U.S. District Court for the Northern District of Alabama (Case No. 1:19-cv-00848-CLM)

---

[1] *See,* https://jobs.lowes.com/search-jobs/Waco%2C%20TX/1627/4/6252001-4736286-4710229-4739526/31x54933/-97x14667/50/2) and
https://www.indeed.com/cmp/Lowe%27s/salaries/Cashier/Texas.

(hereinafter "the Bees N Things Case").

11.     One of the infringing bee traps identified by Plaintiff in the Bees N Things Case is currently being sold by Defendant via at least Defendant's website. Defendant currently labels the infringing bee trap, which is manufactured and sold to Defendant by Bees N Things, as the "BeesNThings Carpenter Bee Natural Bee Trap." A true and correct screenshot from Defendant's website, as it appeared on April 6, 2020, is shown in Figure 1 below and attached as Exhibit A.[2]



Figure 1[3] – Defendant's Website on April 6, 2020

12.     On information and belief, the infringing bee traps are also offered for sale via at least some of Defendant's retail stores.

13.     On May 9, 2019 Plaintiff, through Plaintiff's counsel, sent a letter and enclosures to Defendant (hereinafter "the May 2019 Letter") in which Plaintiff informed Defendant that the

---

[2] https://www.lowes.com/pd/BeesNThings-Carpenter-Bee-Natural-Bee-Trap/1000750158, as visited April 6, 2020.
[3] Exhibit A

bee trap they were selling via their website appeared to infringe the '421 Patent. The May 2019 Letter also requested that Defendant immediately remove the infringing bee trap from their website and that they also immediately cease selling the infringing bee trap through Defendant's retail locations. A true and correct copy of the May 2019 Letter is attached as Exhibit B.

14. At the time of the May 2019 Letter, the infringing bee trap was labeled by Defendant on their website as the "BeesNThings 1-Count Bee Trap."

15. In response to the May 2019 Letter, Defendant sent a letter dated May 15, 2019 to Plaintiff's counsel, in which Defendant stated that "Lowe's takes assertions of intellectual property rights very seriously and has begun reviewing the facts and claims set forth in your letter." A true and correct copy of the Defendant's May 15, 2019 letter is attached as Exhibit C.

16. As of the date of this Complaint, Defendant has not remove the infringing bee trap from their website and, on information and belief, continues to sell the infringing bee trap through at least some of their retail locations.

## ACCUSED INSTRUMENTALITIES

17. Plaintiff incorporates the foregoing paragraphs by reference.

18. Upon information and belief, Defendant sells, advertises, offers for sale, uses, or otherwise provide a bee trap that has been labeled by Defendant with at least the following names: (1) the "BeesNThings 1-Count Bee Trap" and (2) the "BeesNThings Carpenter Bee Natural Bee Trap" (hereinafter the "Accused Instrumentality").

## INFRINGEMENT OF US PATENT NO. RE46,421

19. Plaintiff incorporates the foregoing paragraphs by reference.

20. Defendant has been on notice of the '421 Patent at least as early as the date Defendant received the May 2019 Letter.

21. Upon information and belief, Defendant has directly infringed and continues to directly infringe at least claims 13-15 and 17 of the '421 Patent by making, using, importing, selling, and/or, offering for sale the Accused Instrumentality.

22. Upon information and belief, Defendant has and continues to willfully infringe, willfully and actively induce the direct infringement by others, and willfully and actively contribute to the infringement of others, of at least claims 13-15 and 17 of the '421 Patent. Defendant's infringement of the '421 Patent has been, and continues to be, objectively reckless, willful and deliberate, entitling Plaintiff to enhanced damages pursuant to 35 U.S.C. § 284 and to attorneys' fees pursuant to 35 U.S.C. § 285.

23. *See* Figure 2 below, which is screenshot from Defendant's website, showing a picture of the Accused Instrumentality.



Figure 2[4] – Accused Instrumentality

24.     As shown in Figures 3A and 3B below, which are true and correct photographs of the Accused Instrumentality (also attached as Exhibit D), the Accused Instrumentality includes a trap entrance unit that is formed of wood (Arrows C and G).



Figure 3A                                             Figure 3B

25.     As shown above in Figs. 3A and 3B, the Accused Instrumentality has a trap entrance unit (Arrows C and G) having at least one hole extending from the outside of the trap entrance unit to the interior of the trap entrance unit (Arrow B).

26.     As shown above in Figs. 3A and 3B above, the entrance hole (Arrow B) extends at an upward angle (Arrow B). The hole is sized and shaped to provide a primary attractant for carpenter bees.

---

[4] https://www.lowes.com/pd/BeesNThings-Carpenter-Bee-Natural-Bee-Trap/1000750158, as visited April 6, 2020.

27. As shown above in Fig. 3B, the Accused Instrumentality includes an exit opening (Arrow D) for providing an exit path from the interior of the trap entrance unit.

28. As shown above in Fig. 3B, the Accused Instrumentality includes a receptacle adapter (Arrow E) located at the exit opening (Arrow D). The receptacle adapter is adapted to receive at least one receptacle (Arrow F). Further, the receptacle adapter is adapted to allow ambient light to enter the interior of the trap entrance unit via the exit opening because it does not obstruct the exit opening.

29. Plaintiff has sold and continues to sell its patented carpenter bee traps and continues to be actively engaged in the business of selling its patented carpenter bee traps both directly and through licensees of the '624 and '421 Patents.

30. Defendant's infringement of the '421 Patent has reduced Plaintiff's and its licensees' sales. Plaintiff has suffered and continues to suffer damages as a direct, proximate, and foreseeable result of Defendant's infringement of the '421 Patent and will suffer additional and irreparable damages unless Defendant is permanently enjoined by this Court from continuing its infringement. Plaintiff has no adequate remedy at law.

**PRAYER FOR RELIEF**

Plaintiff respectfully requests that the Court find in its favor and against Defendant, and that the Court grant Plaintiff the following relief:

A. An adjudication that one or more claims of the '421 Patent has been infringed, either literally and/or under the doctrine of equivalents, by Defendant and/or by others to whose infringement Defendant has contributed and/or by others whose infringement has been induced by Defendant;

B.  An award to Plaintiff of damages adequate to compensate Plaintiff for Defendant's acts of infringement together with pre-judgment and post-judgment interest;

C.  An adjudication that one or more of Defendant's acts of infringement be found to be willful from in or about May 2019, which is the time that Defendant became aware of the infringing nature of their actions, and that the Court award treble damages for the period of such willful infringement, pursuant to 35 U.S.C. § 284;

D.  A grant of permanent injunction pursuant to 35 U.S.C. § 283, enjoining Defendant from further acts of (1) infringement, (2) contributory infringement, and (3) actively inducing infringement with respect to the '421 Patent;

E.  That this Court declare this to be an exceptional case and award Plaintiff reasonable attorneys' fees and costs in accordance with 35 U.S.C. § 285; and

F.  Any further relief that this Court deems just and proper.

| | |
|---|---|
| Dated: April 7, 2020 | Respectfully Submitted |

*/s/ Thomas Fasone III*

Thomas Fasone III
Texas Bar No. 00785382
tfasone@ghiplaw.com
M. Scott Fuller
Texas Bar No. 24036607
sfuller@ghiplaw.com
René A. Vazquez
*Pro Hac Vice Anticipated*
rvazquez@ghiplaw.com
Randall T. Garteiser
*Pro Hac Vice Anticipated*
rgarteiser@ghiplaw.com
Christopher A. Honea
*Pro Hac Vice Anticipated*
chonea@ghiplaw.com

**GARTEISER HONEA, PLLC**
119 W. Ferguson Street
Tyler, Texas 75702
Telephone: (903) 705-7420
Facsimile: (888) 908-4400

Raymond W. Mort, III
Texas State Bar No. 00791308
raymort@austinlaw.com
**THE MORT LAW FIRM, PLLC**
100 Congress Ave, Suite 2000
Austin, Texas 78701
Tel/Fax: (512) 865-7950

**ATTORNEYS FOR PLAINTIFF BRIAN BLAZER D/B/A CARPENTER BEE SOLUTIONS**